Case number 23-5188, Giffords v. Federal Election Commission, National Rifle Association of America, and National Rifle Association of America Political Victory Fund Appellants. Mr. Avers for the appellants, Mr. Lentz for the plaintiff appellee, and Mr. Contino for the defendant adelaide. Good morning, good morning. Good morning, and may it please the court. Robert Avers, on behalf of appellants, the National Rifle Association of America and the National Rifle Association of America Political Victory Fund. I'd like to reserve three minutes for rebuttal. More than four years ago, in just weeks after the lower court here authorized Giffords to file a citizen suit against the NRA, the NRA, a named party in that citizen suit, feared and timely filed a motion to dismiss that case for lack of subject matter jurisdiction. The argument there was that the court, the citizen suit court, lacked jurisdiction over that case because the FEC had not failed to act on Giffords' complaints. And that's because it had acted when it deadlocked at the reason to believe stage. For its part, Giffords pushed back on that argument in the citizen suit. They claimed a deadlocked reason to believe vote is not an act. Of course, we now know that there have been some judicial developments such as 45 committee and some other cases that have held that in at least some instances, a deadlocked reason to believe vote is an act under FECA. At any rate, the NRA's jurisdictional argument was timely raised in that suit. 984 days later, while that motion to dismiss remained pending, this court issued its decision in CLC v. 45 committee, which, as a precursor to its holding that a deadlocked reason to believe vote is an act under FECA, also held that the FECA suit preconditions are non-jurisdictional. So, that meant that the NRA's motion that was pending in the citizen suit challenging that court's jurisdiction was really no longer viable in that court because under 45 committee, through the lens of the citizen suit court, those jurisdictional arguments don't belong there. Fortunately, just under a year before that, the NRA sought, they filed a Rule 60 motion seeking relief from the judgment and orders in the delay suit. So, why did the NRA not seek to intervene in the delay suit? Because, I mean, we've had some other cases where the FECs, often, a lot of other bureaucratic, you know, evasion of disclosure or something, but the NRA knew that this suit was going on. So, why did they not intervene in the delay suit, which would then have made them a party to that suit and then able to appeal any determination that was made there? So, there's some key differences. There's one big key difference between this suit and the other suits, like Heritage Action and 45 Committee, where those administrative respondents did attempt to intervene in their delay suits. Both of their attempts were denied, and they were, those decisions denying intervention were affirmed on appeal. But importantly here, the FEC actually appeared in this case and litigated the case. To my knowledge, the FEC did not litigate 45 Committee or Heritage Action. In both of those cases, there was a default judgment entered, right? And so, you know, from the NRA's perspective, the FEC, you know, we look at 45 Committee, Heritage Action, those delay suits where the FEC didn't even show up, and now they show up in the NRA case. And, you know, there's 100 and some odd docket entries for the better part of a year and a half. Like, they appear to be litigating the case. Much of the records were sealed. So, the NRA didn't intervene because they thought intervention would be unsuccessful? I mean, because, you know, one of the Giffords suggests that by not intervening, that the NRA is engaging in some gamesmanship by trying to avoid the preclusive effects of the delay suit. So, maybe you can respond to that allegation from your colleagues on the other side. Absolutely. So, the NRA appeared in this suit. They filed a motion to intervene for the limited purpose of unsealing the record. I believe it was the Monday before the court entered its judgment against Giffords. It took the court approximately six and a half weeks to grant that, but to grant the motion and to make the public records available. So, at that point, we had roughly a week and a half, maybe two weeks, three weeks to, you know, intervene, file a notice of appeal, which is jurisdictional, so on and so forth. But separate from all of that, something else happened that's really important here. And that's that the lower court during a status conference, I believe it was on November 1st, but if I'm wrong on that, it was the same day that the court authorized Giffords to sue the NRA. There was some discussion. This is at Joint Appendix pages 381 through 382. There was some discussion among FEC counsel, the court, and Giffords' counsel as to whether the court should authorize a citizen suit. And the court asked the FEC, when do you anticipate file closure, and is file closure relevant to whether the court should authorize this citizen suit? And as the FEC counsel was answering the question, the court stopped him. I mean, it's a written transcript. I wasn't there. Something happened. The court stopped him and said, quote, let me take you off the hot seat. This would be an issue that would be litigated by defense counsel. Presumably defense counsel was the NRA's counsel in the citizen suit, which the status conference was being held for the purpose of authorizing the citizen suit. I would also just add that Heritage Action, when they tried to intervene about six months ago, excuse me, six months after Giffords' citizen suit was authorized, when that motion was denied by the delay suit court, the court noted that Heritage Action wasn't prejudiced by the denial of the intervention because it could bring its subject matter jurisdiction argument in the citizen suit. Right. So that's my next question. Can the NRA challenge the decision to move ahead with the citizen suit, you know, the decision that was made in the delay suit? Can they challenge that in the pending citizen suit? So 45 committee. I mean, 45 committee says it's not jurisdictional, but it may well go to whether there's a cause of action, whether, you know, it was properly made. It doesn't have to be a jurisdictional argument in order for the citizen suit to be invalid. I mean, is there issue preclusion for the NRA under 45 committee? So I guess a couple points to answer your question. I mean, first, the parties, the defendants in the citizen suit did file new motions to dismiss after 45 committee. So obviously had to replace the jurisdictional argument with now it's a 12B6 argument.  Idea being failure to state a claim because the preconditions aren't satisfied. There was a second part to your question. Well, so do you think, I mean, under 45 committee, do you think that's a winning argument? I think it ought to be. But, you know, our adversary in that suit is claiming issue preclusion. They raised a lot of arguments trying to preclude the court from even considering the 12B6 arguments. I'm optimistic. We don't have a decision yet. In fact, that the citizen- The suit being held for our en banc, which was argued some 15 months ago. That's right. Yeah, that case has stayed pending the D.C. Circuit's outcome of N Citizens United because there are some issues regarding standing also in the citizen suit that N Citizens United may speak to. NRA was not even a party. So just talk to me about your appellate standing here then. Sure. So to establish standing, an appellate must show injury caused by the order on appeal. The lower court's denial of the NRA's motion for relief from judgment here injured the NRA, I think, really in two cognizable ways. First, the NRA continues to be forced to defend itself in the citizen suit. And those litigation costs are a cognizable injury under Article III. We've referenced some cases in both of our merits briefings. Just being forced to defend yourself, does that really create standing? It does. It does, Your Honor, because these are not self-inflicted litigation costs. So there's a distinction between, you know, self-inflicted costs versus having a proceeding thrust upon you. And the latter does create a cognizable injury under Article III of the Constitution. But separate from that, the fact that Giffords is pursuing a judgment against the NRA, presumably to the tune of $30-plus million, that type of contingent liability is also a cognizable injury under Article III. So, you know, from our perspective, there's no question that we have standing. And even if there were a question about that, we would point to the Arizonans case from the U.S. Supreme Court, where the Court assumed standing to get to the mere suggestion of mootness that was filed by a non-party. But your case doesn't involve a potential mootness or jurisdictional issue in Article III sense. Which case? This case? Yeah. I believe it does because I believe, I mean, federal district courts are courts of limited jurisdiction. And under the failure-to-act prong of FECA, the most that a FECA failure-to-act complainant is entitled to is meaningful engagement with this complaint under 45 Committee. Under 45 Committee, that is not jurisdictional. That argument, as Judge Wilkins was alluding to. Yeah, and so the next step of that is because the FEC had meaningfully engaged, not only meaningfully engaged with Giffords' complaints, it was done. The controlling commissioners have now said they took their final RTV vote upwards of seven months before the Court issued summary judgment. So there is a constitutional issue here. It's mootness because from that point forward, the Court did not have the power to act under FECA. I don't understand how that's consistent with 45 Committee. So 45 Committee, the under 45 Committee, what Giffords was entitled to was meaningful engagement with their complaint. They got that, and they got more than that. The FEC held its final reason-to-believe vote in February of 2021. That reason-to-believe vote is the basis for the FEC's decision. I understand that, but that's no different than if you were in the district court and you moved to dismiss. 45 Committee says that that motion to dismiss would not be a 12B1 subject matter jurisdiction motion. It would be a 12B6 motion, right? So I just don't understand how you can twist this into a mootness Article 3 issue. I see I'm cutting into my rebuttal time here, Judge. My final shot at clarifying my answer would be that from the moment that the Court held its final reason-to-believe vote, which, again, was many months before the Court even found that the FEC had failed to act, it was powerless to act under FECA. I mean, technically speaking, what should have happened there was had the FEC told the Court, hey, this deadlock represents an impasse between the commissioners. The controlling commissioners have made up their mind. It's not being held open for further collaboration or back and forth between the blocks of commissioners. They're done here. What should have happened at that point is the Court should have either compelled the FEC to issue its statement of reasons, and if it didn't have the power to do that, then under Heritage Action, the trial court case where Heritage Action actually sued the FEC, Giffords could have amended his complaint at that point and filed an APA action for failure to release the agency's decision. Ms. Dravers, I think the problem conceptually is that you need to have appellate jurisdiction for us to reach your cause of action, merits types claim because your arguments about this, I mean, even if we were to agree with them, are no longer considered jurisdictional arguments after 45 committee. So we can't skip over appellate jurisdiction to reach a non-jurisdictional question. So you have to have appellate jurisdiction before we can do anything else. At least that's my understanding. So there are situations where there may be an Article III jurisdictional question, so the Supreme Court has said you can skip over appellate jurisdiction to answer a different jurisdictional question, but you can't skip over appellate jurisdiction to answer a merits question or a cause of action question. I'm sorry, I appear to be over time. But I would just say it's not a merits question. The question of whether the case was moved in February 2021 forward, that's a jurisdictional question. All right. I think we have your argument. Okay. Thank you. All right. Good morning, Mr. Lenz. Good morning, Your Honor. Good morning, and may it please the Court. My name is Daniel Lenz. I represent the plaintiff Appellate Giffords. A non-party which has not sought to intervene in the case below cannot arrive 26 months late and seek to overturn the judgment. The decision of the District Court should be affirmed for at least three reasons. First, Rule 60 of the Federal Rules of Civil Procedure protects the finality of judgments by providing relief only in limited circumstances. Relevant here, excuse me, it does not protect litigants from their own litigation choices. Relevant here, Rule 60B limits relief to parties and their legal representatives, and this Court has consistently applied that rule as written. The NRA was neither, and the District Court therefore had no choice under this Court's precedent but to deny the NRA's Rule 60 motion. Second, the NRA now suggests that this Court may dispense with Rule 60 entirely, although it is the sole basis on which they claim standing to appeal. This would turn this Court into one of almost unlimited jurisdiction over longstanding judgments, regardless of the rules. Third, even if this Court were to engage with the substance of the NRA's arguments regarding mootness and adversity, those arguments fail. I'd like to turn first to Rule 60B, which I believe controls the outcome of this case, and there are three points I'd like to make about Rule 60. Why don't you turn first to standing? I'd be happy to, Your Honor. Giffords no longer contests that the NRA is able to appeal the Rule 60 motion under cases like Bannister. However, their appeal of the Rule 60 motion and this Court's jurisdiction over that appeal is limited to the substance of the Rule 60 motion, and here the Rule 60 motion was plainly defective because the NRA was neither a party nor its legal representative. So you're not challenging our appellate jurisdiction here? We're not challenging the NRA's ability to appeal the Rule 60 motion. However, we think it would exceed this Court's jurisdiction to do what the NRA is suggesting, which is avoid those questions entirely and simply reach the merits of the judgment below that the District Court entered back in 2021. That would, in effect, allow the NRA to circumvent the requirements not only of Rule 60, but also of the federal rules of appellate procedure that govern how judgments are to be appealed. And we don't have — Just to be clear, so you're not — you're agreeing that they would have appellate jurisdiction for their Rule 60 motion? Yes, we don't — But then when you get to the merits, that's when you're saying they would fail? Correct. We don't — the NRA cannot contest the merits of the District Court's judgment under their Rule 60 motion because the Rule 60 motion was not properly brought. Because the NRA is not a party? The NRA is not a party because the time to appeal under Rule 3 elapsed long ago. So there would be a number of problems with the NRA now trying to attack the judgment. And that type of circumvention concern is what this Court elucidated in Inree Seale's case that we cite in our brief, the idea that a Rule 60 movement can appear late, leaving aside the defects of being neither a party nor a legal representative, and use the Rule 60 motion to circumvent all the other requirements that govern this Court's jurisdiction. Turning to this Court's decisions in Chabad 2 and Chabad 4, which I think control the dispositive outcome of this case, in Chabad 2, this Court was confronted with similar factual circumstances, nearly identical factual circumstances, in which a non-party movement appeared after judgment and filed a Rule 60 motion seeking to overturn the judgment on the basis of, among other things, subject matter jurisdiction. The district court applied Rule 60 as written and denied that motion, and this Court affirmed on that basis, on the basis of the plain text of Rule 60, and on the basis of this Court's precedent dating back to cases like Ratner from the 1960s. The NRA now contends that this Court did not mean what it said, and that it should nonetheless allow it to reach the subject matter jurisdiction arguments that it raised. But that's not what Chabad 2 says, nor is it what this Court said in Chabad 4, subsequent in that litigation, where it said, regardless of the district court's jurisdiction over the Russian Federation, the movement could not invoke Rule 60B to void the judgments. That's entirely contrary and is, in fact, what the NRA is trying to do here. The NRA relies on a narrow atextual exception from grace that the Second Circuit adopted in 2006. This Court has not adopted that exception, and even if it had in Chabad 2, it distinguished that case on the facts, and the facts are very dissimilar here. There's no settlement. There's no claim for fraudulent conveyances. There's no pro se judgment-proof defendant. There's nothing that motivated the Second Circuit to adopt that exception. We made arguments regarding timeliness, and I'm happy to address if the Court has any questions, but otherwise, I would like to address some of the Court's questions to the NRA regarding how this case intersects with 45 Committee, and specifically how it intersects with the fact that 45 Committee was decided not on jurisdiction, but on the merits of the judgment. That is also fatal to the NRA's claims here. The Court's analysis in 45 Committee is contrary to what the NRA says. Not only did the Court determine that under the overall analysis that this Court uses, and District Courts use to analyze delayed cases from cases like Common Cause and Rose, but 45 Committee also involved a pre-conformance reason to leave vote that the FEC had taken prior to the District Court's conformance order in that case. There, as here, this Court was aware of that vote, but it nonetheless didn't do what the NRA is saying it now had to have done, which is look to that prior vote and determine that the case was moot. Instead, it looked to the post-conformance vote, the vote that took place after the District Court's order, and found that as a result of that vote, the citizen suit couldn't proceed. Under the NRA's current argument, this Court's analysis in 45 Committee was wrong. It should have looked to that first vote and said the case became moot at that point and remanded to dismiss on that basis. So there's no way to read the NRA's arguments in this case either as consistent with this Court's precedence in Chabad, nor this Court's precedence in 45 Committee. Mr. Lentz, I just want to understand your position. Gifford seems to make this argument that it matters in this case that the District Court ordered the FEC to make a determination about reason to believe, and that determination couldn't occur with a deadlocked vote. Is that correct? That's correct, John. Right. So where is the authority in FECA for a District Court to make that sort of order? How can a court order the FEC not only to take an action, but to take a particular kind of action, which is that four commissioners have to agree one way or the other on reason to believe? How is that type of directive consistent with FECA? I'm just – I don't really understand where – I mean, I'm not sure we're going to get to any of these questions here, but I'm curious why that's Gifford's understanding and where that authority would even come from in the statute. Thank you, Your Honor. I see I'm out of time. May I answer? So the authority for that comes from how this Court has, including in 45 Committee, told courts hearing delay cases how to analyze those cases, which is under the normal agency delay rubric under the APA, specifically applying the factors from cases like common cause and track. And in those cases, we know that it's not one single deadlocked reason to believe vote that determines whether or not the agency has acted reasonably. Rather, the court has to look at the overall handling of the matter to determine whether it was contrary to law. In fact, in common cause, the case on which this Court has relied, there was a successful reason to believe vote, and that was still not sufficient. And the court, in cases like common cause and DSCC, where there was also a successful reason to believe vote, has found that that doesn't answer the question as to whether the agency acted contrary to law. So the court, in those circumstances, is not without power to order the agency. So there has to be – so in a multi-member commission, four people have to vote to take an action one way or the other to comply with the district court's order here. That's Giffords' position. That is what the district court ordered. So if members just – they can't agree, four people can't – four commissioners can't agree, then there will never be compliance with the district court's decision? That could be the outcome, and that was the outcome here, in which case the outcome is exactly what FICA contemplates. It's not a judgment against the NRA. It's simply to authorize the citizen suit, which is what Giffords is pursuing in that litigation. Just curiously, what's the current state of the commission in terms of its makeup? Oh, my gosh, I don't know. But I can tell you that the NRA, in their briefing, relies considerably on the statements of one commissioner who is no longer on the commission. But is there a voting quorum? I believe there is a voting quorum, but I can find out and inform the court later, if you like.  But to ensure that we rule on this case narrowly, you foresee that we don't have to get to any of the merits questions that are pending on BOG. We can find that there was appellate jurisdiction and then just deal with merits with respect to your argument on whether NRA has standing, whether they were untimely, and then that grace is not applicable. Those are your arguments. Your Honor, I believe the court can resolve this case in any number of ways in our favor. I think the primary way is simply application of the court's precedence from Chabad 2 and Chabad 4 to affirm the district court's judgment, and find that the grace exception doesn't apply, as this court has found in Chabad 2. It could also find, to Your Honor's questions, that the NRA's arguments regarding what the district court did below and how it handled the February 2021 votes, of which it was aware, gets to the merits of the judgment and, therefore, don't go to mootness. And so, therefore, we don't have a motion under Rule 60 before we really have an appeal of the judgment. I'm sorry, Your Honor. Did that fully answer the question? That's fine. Okay. I'm sorry. As to the en banc, the en banc in ECU pertains to some of the standing arguments for the citizen suit court. So I don't think it turns those issues. All right. Thank you. Thank you, Your Honors. Good morning. Good morning. May it please the court, Michael Contino for the Federal Election Commission. Before getting started, I could answer the court's question about the commission's makeup. We currently have two commissioners. We do not have a voting quorum. There are two nominees currently in committee for Congress. So who directs the legal work of the general counsel's office when there's no quorum? The commissioners when we had a quorum authorized defense of this case. And it just proceeds with accountability to who's overseeing the litigation when there's no quorum? We have an acting general counsel, Your Honor. The NRA's arguments about collusion and lack of adversity all flow from the theory that the FEC should have argued that a series of February 2021 votes mooted this case. That argument is unavailing for three reasons. First, the record reflects no collusion between Giffords and the FEC. Second, the case law the NRA submits does not support their underlying theory of mootness. And third, that case law postdates the period in question here by a number of years. In addition, the Rule 60b form motion is procedurally improper because the NRA is not a party. And to the extent this court is considering an out-of-circuit exception for non-parties to bring such a motion, that exception would not apply in this case. I ask you the same question I ask your colleague. Why aren't you starting with their standing to bring an appeal at all? Well, Your Honor, this case arises, arose an interesting, or rather the FEC has an interesting position in this case as the citizen suit has already commenced. The underlying judgment was more than, was in September 20, September and November 2021. The NRA's, the FEC is primarily appearing here to contest allegations of collusion on the part of the commission. So you don't care whether the party bringing the appeal has standing to even appeal? Well, Your Honor, the FEC did not brief that question. We consider the primary points to be elsewhere. But if the court desires, we are happy to provide supplemental briefing on that issue. Yeah, we don't want to hear supplemental briefing. I mean, I don't want to read any more paper. You're here now trying to find out what, if any, position you have on the issue. The commission does not contest a finding that the NRA lacks appellate jurisdiction. Regarding the collusion allegations, the record reflects that the FEC informs the district court of the relevant votes on reason to believe in the winter and spring of 2021. This appears at pages 337 through 341 of the joint appendix submitted before this court. The NRA's allegations of collusion really flow from the theory that the FEC should have argued about the significance of split reason to believe votes under a line of three cases, all of which postdate the period in question by a number of years. What is the FEC's position on that? When there's a deadlocked vote, is that an action that cures a failure to act by the commission? Well, based on the 45 committee decision, this court has held that a split reason to believe vote held during the 30 day conformance period is sufficient to defeat a citizen suit. But even taking that case law and moving it back in time to when this would have been something the FEC could have argued, which it never has before, that still would not cover the sequence in this case in which there was a split reason to believe, multiple split reason to believe votes during the pre-conformance period prior to the district courts holding that the FEC acted contrary to law. So if those were acts, then there's no citizen suit? That is correct, Your Honor. Right. And do you think that the NRA can challenge that? Is there issue preclusion from the delay suit and the citizen suit as to that finding? Does the FEC have a position on that? As far as I know, the FEC has never taken a position on that question. But in any event- So to defend the good name of the FEC as not being collusive. Well, I believe that's what I'm doing right now. That's why you're here. The collusion arguments, again, are not factual. They are legal. It's based on, and the same thing happens with the lack of adversity arguments. It's two halves of the same coin. At the time that the parties were briefing the dispositive motions in the district court case, it was in the fall of 2019 and the winter of 2020. The parties took opposing positions on the law governing delay suits that existed. That was the universe of case law that existed at the time. Common cause and track. There were no arguments about the significance of reason to believe votes because the parties had yet- because the FEC had yet to take a reason to believe vote on the four administrative complaints. And when they did take- the commissioners did take a reason to believe vote, the FEC informed the court of those votes. And the FEC further informed the district court of the votes to close the administrative file- the failed votes to close the administrative file that took place during the conformance period. And setting aside the collusion allegations or the allegations about lack of adversity, it connects to the 60B4 arguments about voiding the judgment. It all turns on whether or not this case was moot. And as the Supreme Court has said in the student funds case, Rule 60B is supposed to be a motion of limited utility for those who are entitled to use it- parties- in matters where it is not even arguable that the district court had jurisdiction. That is not the case here. To move on to the merits of the arguments in the 60B motion, as our co-at police said, the Chabad decision should be dispositive for this court. There the court acknowledged in theory the existence of the grace exception from the Second Circuit but declined to apply it and seemingly confines future application of grace to the facts of grace. Judgment-proof defendant, fraud on the court. As the commission has already addressed, there is no fraud on the court and it would be a misreading of the law to describe the FEC as a judgment-proof defendant. As the NRA frames it, any administrative respondent could use Rule 60B4 perhaps years after the entry of final judgment to challenge a decision from the district court on a contrary to law lawsuit. All right, any concluding remarks? Yes, Your Honor. The NRA contends that a federal court may not disregard a jurisdictional defect raised by a non-party but there is no jurisdictional defect here. For that reason, the court should decline to extend the plain text of Rule 60B4 to a non-party. Thank you. All right, Mr. Avers, I think you're out of time but we'll give you your two minutes for referral. I would just like to briefly touch on the collusion issue. I know we spent a lot of time talking about mootness in my opening remarks. The notion that there's no evidence of collusion in this record is incredible. You know, there are tweets, there are statements from one particular commissioner who, you know, sort of took ownership of this scheme to not disclose certain agency actions to courts and to complainants and to  But even separate from that, on May 13, 2022, this is a statement from Chairman Dickerson and Commissioners Cooksey and Schrainer. This is referenced in the United States of America's amicus brief. It's quoted in the Institute for Free Speech's brief. And it is also, if you go to Joint Appendix, page 599, footnote 1, that's a statement from Commissioner Weintraub. Footnote 1 references this statement from these commissioners. I just want to read a couple of lines from this. They say, in eight enforcement matters presently before the commission, there's a footnote there that references the National Rifle Association, MERS, that led us here today. Our colleagues have made the unprecedented decision to refuse to close the file, even though the commission took final votes on the merits of these complaints more than a year ago. Again, this is May 13, 2022, so a year ago it would have been May 2021, long before the court issued its summary judgment opinion here. Lawsuits have been filed against the commission for failing to act, even though we have, in fact, acted. We have affirmatively misled respondents by claiming these matters remain pending when they are concluded. And our actions have been intentionally shielded from both public and judicial review. I see I'm out of time. I would just respectfully ask that the court reverse the lower court's decision and that it remand for a vacater of the orders and judgment. Thank you very much for your time. Thank you. Case is submitted.
judges: Wilkins; Rao; Childs